# HARPER *a.* CHAMBERLAIN.

*Supreme Court, First District; At Chambers, Sept.,* 1862.

### COSTS TO SEVERAL DEFENDANTS.

In an action against several defendants, not united in interest, and making separate defences by separate answers, on judgment for all the defendants, it is in the discretion of the court to restrict the defendants to one bill of costs, or to allow to certain of the defendants costs, according to the circumstances of the case.

Motion to restrict the defendants to one bill of costs.

This action was brought by James, John, Fletcher, and Joseph W. Harper, against Royal Chamberlain and twenty others.

The action was commenced in January, 1860, twelve only of the defendants were served with summons. The action was to recover from the defendants, as directors of the New York City Insurance Company, the sum of $12,000 and upwards, being the amount of a judgment in favor of the plaintiffs against the company; the plaintiffs seeking to hold the defendants liable for such judgment, on the ground of fraudulent representations, and by reason of their failure to pay in cash or otherwise the amount of the capital stock of the company. Eleven of the defendants answered the complaint herein, each by a separate answer, and set up among other defences, that the plaintiffs' cause of action did not accrue within six years. These eleven defendants appeared by seven different firms and attorneys, as follows: the defendants Chamberlain and Baker, by Chatfield & Hadley; the defendants Bell, Roach, and Southmayd, by Beebe, Deane & Donahue; the defendants Van Wart and Bancker, by D. Van Wart; the defendant J. L. Deen, by Rice & Hill; and three other defendants, by three separate attorneys. The cause was tried at circuit, at the city of New York, in June, 1862, and at the close of the plaintiffs' testimony, the plaintiffs were nonsuited, on the ground that the plaintiffs' cause of ac-

tion was barred by the Statute of Limitations; the court declining to pass on other questions involved, but intimating the opinion that the plaintiffs had sufficiently established a cause of action against a portion of the defendants.

On the trial, three different attorneys suffered default, and were not at all heard or represented, and from the commencement of the suit, only Chatfield & Hadley, Rice & Hill, and Beebe, Dean & Donahue had taken any active part in the litigation, or any part, except to serve the answers, and, in one instance, to serve one notice of trial.

Various of the defendants served bills of costs, intending and proposing to enter various judgments against the plaintiffs therefor, and claiming to be entitled each to bills of costs, and were noticing the same for adjustment on various days.

Plaintiffs procured a stay of proceedings, and made the present motion to restrict the defendants to one bill of costs, or for such order in relation to the costs as should be equitable.

*J. Francis Walton,* for the motion, cited *Code,* § 306; Williams *a.* Hogan (13 *How. Pr.,* 138); Bulkley *a.* Smith (1 *Duer,* 704).

*Aaron J. Vanderpoel, Alfred Smith, James K. Hill, Hiram F. Hatch,* and *Gilbert Dean,* opposed.

BARNARD, J.—Under the circumstances of this case, the parties defendant should not be restricted to one bill of costs.

The papers show that D. Van Wart, Beebe, Dean & Donahue, Rice & Hill, and Chatfield & Hadley, took charge of the suit for their respective clients from the commencement, to, and at the trial thereof.

They are entitled to full bills of costs as follows: D. Van Wart, one bill; Rice & Hill, one bill; Chatfield & Hadley, one bill; Beebe, Dean & Donahue, one bill.

As regards the other attorneys appearing in the case, it seems they were not present at the trial; the plaintiff might have taken their default, and perhaps taken an inquest against them. If he had so done, of course no question as to the costs of those attorneys could arise here. But, instead of doing this, he permitted a nonsuit to be entered against him as to all the defend-

ants. His having done this should not wholly exempt him from paying costs to those who were in default at the trial. If, instead of allowing a nonsuit to be taken against him as to all the defendants, he had taken an inquest as to those who made default, there cannot be a doubt but that the court would have permitted the inquest to be opened, on payment of the trial-fee and cost of motion, and the defendants having thus got in, would in all probability, on a trial as to them, get back the trial-fee.

I think, therefore, that Charles L. Clark and J. M. Hatch are each entitled to have their costs up to and excluding the trial-fee ; but they should have no costs of opposing this motion.

Van Wart, Beebe, Dean & Donahue, Rice & Hill, and Chatfield & Hadley, should each have $10, costs of this motion.

S. Cromwell not having been represented on this motion, the plaintiff may take his motion as against him, without costs.